SQUIRE, SANDERS & DEMPSEY L.L.P.
By: Robert A. Wolf (rwolf@ssd.com)
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
(212) 872-9800

*Attorneys for VNO LF 50 West 57th Street LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
In re:                                              : **Chapter 11**
                                                    :
   MANGIA 57, INC., a/k/a Mangia 57,      : **Case No. 09-17112 (ALG)**
                                                    :
                  Debtor.  :
                                                    :
                                                    :
―――――――――――――――――――――――― x

**LANDLORD VNO LF 50 WEST 57TH STREET LLC'S MOTION FOR ORDER
REQUIRING DEBTOR TO PAY POST-PETITION RENT**

**TO:   THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

       VNO LF 50 West 57th Street LLC, the landlord and a creditor ("Landlord") of the debtor Mangia 57, Inc., a/k/a Mangia 57, f/k/a Joanna, Sasha & Friends Food Service, Inc. (the "Debtor"), by its undersigned counsel, Squire, Sanders & Dempsey LLP, hereby moves (the "Motion") this Court for an order, pursuant to Sections 365(d)(3) and 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code"): (i) directing the Debtor to make post-petition rent payments to the Landlord with respect to the leased premises for the commercial property located at 50 West 57th Street, New York, New York; and (ii) granting such other and further relief as this Court may deem just and proper. In support of the instant Motion, the Landlord respectfully represents as follows:

## PROCEDURAL BACKGROUND AND JURISDICTION

1. On December 2, 2009 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§157(a) and 1334, and the Order of Reference of the United States District Court for the Southern District of New York dated July 10, 1984 (Ward, J.). In accordance with 28 U.S.C. §§ 1408 and 1409, this Court is the proper venue to hear this Motion.

3. The statutory predicates for the relief requested in the instant Motion are Sections 365(d)(3) and 105(a) of the Bankruptcy Code.

## THE LEASE AND THE DEBTOR'S PAYMENT DEFAULTS THEREUNDER

4. On or about October 6, 1992, 5057 Equities Associates, a predecessor-in-interest of the Landlord, and the Debtor (then known as Joanna, Sasha & Friends Food Service, Inc.) as tenant, entered into a lease (the "Original Lease"), under which the Debtor leased from the landlord, for a term of twenty (20) years, from May 1, 1993 through April 30, 2013, the easterly store, the mezzanine and a portion of the basement (collectively, the "Original Leased Premises") in the building 50 West 57th Street, New York, New York (the "Building"). A copy of the Original Lease is annexed hereto as Exhibit 1.[1]

5. Subsequently, on or about September 21, 1995, Connecticut Mutual Life Insurance Company, predecessor-in-interest to the Landlord, and the Debtor entered into a First Amendment to the Original Lease (a copy of which is annexed hereto as Exhibit 2)[2], under

---

[1] The Original Lease and the First Amendment to the Original Lease, see infra, are too voluminous to include in this Motion. These exhibits are being provided to the Court, the United States Trustee's Office and the Debtor's counsel, and are available for inspection at Squire, Sanders & Dempsey L.L.P.'s offices upon request by any interested party listed on the Service List attached to the Notice of Motion.
[2] See footnote 1, supra.

which additional premises in the Building, adjacent to the Original Leased Premises, was also leased to the Debtor (The First Amendment to the Original Lease, and the Original Lease, are referred to collectively hereinafter as the "Lease," and the additional premises, together with the Original Leased Premises, are referred to collectively hereinafter as the "Leased Premises.)

6. Pursuant to the Lease, the Debtor has operated, and continues to operate post-Petition Date, a business at the Premises involving the preparation and sale of upscale food for both on-premises (including a restaurant on the mezzanine level of the Premises) and off-premises consumption.

7. In or about July, 2009, by virtue of the Debtor's defaults in the payment of various sums due under the Lease, including certain base rent and water charges, the Landlord commenced a summary dispossess proceeding against the Debtor in the Landlord-Tenant Part of the Civil Court of the City of New York, New York County, under L&T Index No. 76997/2009 (the "L&T Proceeding").

8. In September, 2009, the Landlord and the Debtor entered into a Stipulation of Settlement in the L&T Proceeding. (A copy of the Stipulation of Settlement is annexed hereto as Exhibit 3.) Under the terms of the Stipulation of Settlement, the parties agreed to, <u>inter alia,</u> the following:

    a. that the amount of rent arrears due from the Debtor to the Landlord for rent and additional rent through September 1, 2009 was $329,582.67 (the "Arrears"); and

    b. that the Debtor was consenting to the entry of a final judgment of possession in favor of the Landlord, and agreeing to the issuance of a warrant of eviction against the Debtor, but that execution on the warrant would be stayed, provided that the Debtor paid the Landlord on account of the Arrears amounts ranging from approximately $47,000.00-$48,000.00 per month during the months of September-November 2009, and $15,542.64 per month on the 5th day of each month from December 2009 through November 2010, and also made

timely payment to the Landlord of all base rent due for each month beginning October 2009 and all additional rent due beginning September 2009.

9. The Debtor ended up defaulting under the Stipulation of Settlement with respect to the first two installments of Arrears payments that were due thereunder. Accordingly, the Landlord proceeded to obtain issuance of a warrant of eviction, and also sought on November 23, 2009 entry of a money judgment in the L&T Proceeding with respect to the Arrears owing. On November 25, 2009, the Court in the L&T Proceeding entered a money judgment in favor of the Landlord in the amount of $299,582.67 (representing the Arrears amount of $329,582.67 under the Stipulation of Settlement, less $30,000.00 received from the Debtor prior to the Petition Date). On December 2, 2009, the Debtor commenced this Chapter 11 case. As of the Petition Date, there had not been any execution upon the warrant of eviction issued in the L&T Proceeding.

10. The current monthly rent and additional rent charges under the Lease aggregate $47,816.98 per month, and are comprised of the following:

| | |
|---|---|
| Base Rent | $40,333.33 |
| Consumer Price Index Charge | 7,325.71 |
| Water and Sewer Charges | 157.94 |
| Total | $47,816.98 |

11. Although subsequent to the Petition Date, on or about December 17, 2009, the Debtor made a payment of $47,816.98 to the Landlord for rent and additional applicable to the month of December, 2009, the Debtor has not made any payment for January, 2010 rent and additional rent (which under the Lease was due on January 1, 2010), notwithstanding the fact that it continues to occupy the Leased Premises and operate its food business there.

**THE INSTANT MOTION SHOULD BE GRANTED**

12. Section 365(d)(3) of the Bankruptcy Code states in relevant part: "The trustee shall timely perform all the obligations of the debtor except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Section 105(a) of the Bankruptcy Code states in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. Pursuant to the above-cited portion of Section 365(d)(3), the Debtor, as a debtor in possession,[3] is obligated to make payment to the Landlord of at least the aforesaid monthly aggregate amount of $47,816.98 in rent and additional rent due under the Lease subsequent to the Petition Date, and at least until April 1, 2010, when the Debtor's 120-day period, under Section 365(d)(4)(A) of the Bankruptcy Code, within which to assume or reject the Lease, will expire.

14. The Debtor, which as shown above, already has a history of Lease payment defaults, should not be permitted to continue to occupy the Leased Premises and operate its business therein without at least meeting its post-Petition Date rent and additional rent payment obligations. Accordingly, pursuant to Sections 365(d)(3) and 105(a) of the Bankruptcy Code, this Court should enter an order, in the form annexed hereto as Exhibit 4, directing the Debtor to make payment to the Landlord of: (i) the amount of $47,816.98 for rent and additional rent due for the month of January, 2010 within three (3) days of entry of said order; (ii) the amount of $47,816.98 for rent and additional rent due for the month of February,

---

[3] Pursuant to Section 1107(a) of the Bankruptcy Code, a debtor in possession is subject to the same duties and obligations of a chapter 11 trustee.

2010 within three (3) days after entry of said order; (iii) the amount of $47,816.98 for rent and additional rent due for the month of March, 2010 by the later of three (3) days after entry of said order or March 1, 2010; and (iv) in the event the Debtor assumes the Lease or obtains an extension beyond April 1, 2010 to assume or reject same, then such monthly amount as is due under the Lease for rent and additional rent shall be paid on the first business day of the month for each pertinent month commencing April 1, 2010.  Furthermore, the order should set forth that in the event the Debtor fails to make timely payment of its obligations in accordance with the order, the automatic stay shall be deemed lifted so as to permit the Landlord to execute upon a warrant issued in the L&T Proceeding and to evict the Debtor from possession of the Premises.

**WHEREFORE**, the Landlord respectfully requests that this Court grant the instant Motion and enter an order in the form annexed hereto as Exhibit 4.

Dated: January 20, 2010
      New York, New York

                      SQUIRE, SANDERS & DEMPSEY L.L.P.

                      By: Robert A. Wolf
                      Robert A. Wolf, Esq. (rwolf@ssd.com)
                      30 Rockefeller Plaza, 23rd Floor
                      New York, New York 10112
                      (212) 872-9800

                      *Attorneys for VNO LF 50 West 57th Street LLC*