UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| MANGIA 57, INC. : | Case No. 09-17112 (ALG) |
| : | |
| Debtors. : | |

**LIMITED OBJECTION TO LANDLORD VNO LF 50 WEST 57TH STREET LLC'S MOTION FOR ORDER REQUIRING DEBTOR TO PAY POST-PETITION RENT**

Frank Gargiulo & Son, Inc. and G&S Produce & Trucking (hereafter collectively referred to as "PACA Trust Creditors"), through undersigned counsel, hereby file this limited objection to Landlord VNO LF 40 West 57th Street LLC's Motion for Order Requiring Debtor to Pay Post-Petition Rent because movant has not established that the funds available to pay the post-petition rent are not PACA trust assets under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e. PACA Trust Creditors incorporate by reference the arguments set forth in their Motion to Compel PACA Trust Assets (Doc. 9).

### I. FACTUAL BACKGROUND

1. Debtor Mangia 57 ("Mangia 57") is a dealer of wholesale quantities of produce as defined by PACA.

2. PACA Trust Creditors supplied Mangia 57, pre-petition, with wholesale quantities of fresh produce worth an aggregate amount of $98,729.55, for which Mangia 57 did not pay.

3. PACA Trust Creditors preserved their respective rights as statutory trust beneficiaries under the trust provisions of PACA for the total aggregate sum due from Mangia 57.

- 1 -

4. On December 4, 2009, PACA Trust Creditors filed a Motion to Compel payment of their PACA trust claims (Doc. 9).

5. As discussed more fully below, all of the assets of Mangia 57 are PACA trust assets unless the party challenging the scope of the trust can prove otherwise. *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996). Since movant Landlord VNO LF 40 West 57th Street LLC has failed to prove that the funds available to pay the post-petition rent do not constitute PACA trust assets, the motion should be denied.

## II. ARGUMENT

### A. PACA Trust Assets are not Part of the Debtor's Estate and must be Paid Immediately to Trust Beneficiaries.

The trust provisions of PACA establish that all of a dealer's produce-related assets are trust assets for the benefit of produce suppliers until full payment is made. 7 U.S.C. §499e(c)(2); *In re Kornblum & Co., Inc.*, 81 F.3d 280; *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197 (3d Cir. 1998); *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010 (6th Cir. 1993). PACA trust assets are not property of a debtor's bankruptcy estate and must be set aside and paid immediately to trust beneficiaries. 1984 U.S.C.C.A.N. 405, 411; *Tanimura & Antle, Inc. v. Packed Fresh, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000); *In re Kelly Food Products, Inc.*, 204 B.R. 18 (Bankr. C.D. Ill. 1997); *J. R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); *Continental Fruit v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.*, 751 F. Supp. 64 (W.D. Pa. 1990). As explained in *In re Long John Silver's*, produce suppliers "are usually

the least able to survive the delays and losses attendant to a bankruptcy filing by their buyers." *In re Long John Silver's*, 230 B.R. at 32.

Section 499e(c)(2) defines the corpus of the trust as all produce, including all inventories of food or other products derived from produce, and receivables or proceeds from the sale of produce or its products. 7 U.S.C. §499e(c)(2). In addition, under common law trust principles, the trust extends to any other assets, including real property and equipment, acquired from a commingled account. *Sanzone-Palmisano Company*, 986 F.2d at 1013; *In re Kornblum & Co., Inc.*, 81 F.3d at 286-87; *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142-43 (Bankr. S.D. Fla. 1990).

Further, the party alleging that assets of a produce debtor are not part of the PACA trust bears a heavy burden of proving that the assets are free of the trust as explained in the *Sanzone-Palmisano* case:

> [A] purchaser, or PACA debtor, has the burden of showing that disputed assets were not acquired with proceeds from the sale of produce or produce-related assets. . . . [I]n the conventional case, where the produce was sold at a gross profit, the proceeds were commingled in a general fund, and the general fund was used to buy more inventory, the PACA debtor will be unable to met its burden and the produce supplier will prevail. We believe that this is the outcome that Congress intended.

*Sanzone-Palmisano*, 986 F.2d at 1014; *see In re Kornblum & Co., Inc.*, 81 F.3d at 287 ("[T]he produce dealer bears the burden of demonstrating that an asset was not acquired with the proceeds from the sale of particular produce, or from the sale of a particular produce-related asset."), *citing Sanzone-Palmisano Co.*, 986 F.2d at 1012; *In re Fresh Approach, Inc.*, 51 B.R. 412, 422 (Bankr. N. D. Tex. 1985); *see also International Bhd. of Teamsters v. United States*, 431 U.S. 324, 359 n. 45 (1977) ("Presumptions

shifting the burden of proof are often created to reflect judicial evaluations of probabilities and to conform with a party's superior access to the proof.").

In this case, Landlord VNO LF 40 West 57th Street LLC has not addressed or tried to sustain its burden of showing that the funds available to pay the post-petition rent are not impressed with the PACA trust. Thus, PACA Trust Creditors respectfully request that the Landlord VNO LF 40 West 57th Street LLC's Motion be denied to the extent the post-petition rent will be paid with PACA trust assets.

### III. CONCLUSION

For the above reasons, PACA Trust Creditors respectfully request that Landlord VNO LF 40 West 57th Street LLC's motion be denied to the extent that the post-petition rent is to be paid with PACA trust assets.

Dated: January 25, 2010

LAW OFFICES OF BRUCE LEVINSON

By: _____
Bruce Levinson (BL0749)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for Frank Gargiulo & Son, Inc.
and G&S Produce & Trucking