UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| MANGIA 57, INC. : | Case No. 09-17112 (ALG) |
| : | |
| Debtors. : | |

## NOTICE OF SETTLEMENT AND PROPOSED ORDER

**PLEASE TAKE NOTICE** that upon the status conference that took place before the Honorable Allan L. Gropper, United States Bankruptcy Judge, on January 28, 2010, (the "Conference"), PACA Trust Creditors Frank Gargiulo & Son, Inc. and G&S Produce & Trucking, Inc., offer the attached stipulation and proposed order authorizing payment to certain PACA Claimants (as defined in the proposed order) to the Honorable Allan L. Gropper, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that objections to the stipulation and proposed order, if any, shall be made in writing and served forthwith upon the undersigned and Judge Gropper's Chambers.

Dated:   New York, New York
         February 8, 2009

                                    Law Offices of Bruce Levinson
                                    Attorneys for PACA Trust
                                    Creditors Frank Gargiulo & Son,
                                    Inc. and G&S Produce &
                                    Trucking, Inc.

                            By:   /s/ Gregory Brown
                                    Gregory Brown (GB-1977)
                                    747 Third Avenue, Fourth Floor
                                    New York, New York 10017-2803
                                    (212) 750-9898

- 1 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE:                        :
                              :   Chapter 11
MANGIA 57, INC.               :   Case No. 09-17112 (ALG)
                              :
        Debtors.              :

**STIPULATION AND ORDER ON MOTION TO COMPEL
PAYMENT OF PACA TRUST ASSETS**

Frank Gargiulo & Son, Inc. and G&S Produce & Trucking (hereafter collectively referred to as "PACA Trust Creditors"), by and through their attorneys, and Debtor Mangia 57 ("Mangia 57"), by and through its attorneys, consent, agree and stipulate to the following:

1. PACA Trust Creditors are trust creditors of Debtor, Mangia 57 under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c) for a debt in the aggregate amount of $98,729.55, plus reasonable attorneys' fees in the amount of $4,955.66 and interest of $9,708.67, for a total trust debt of $113,393.88.

2. Defendant shall pay to PACA Trust Creditors, for full and final satisfaction of their claims, an aggregate total of $113,393.88, as follows: $10,000.00 on or before March 1, 2010; $10,000.00 on or before April 1, 2010; $10,000.00 on or before May 1, 2010; $10,000.00 on or before June 1, 2010; $10,000.00 on or before July 1, 2010; and the balance in separate, equal, monthly installments of $6,500.00 commencing on August 1, 2010 and continuing on the first day of each consecutive month thereafter until the full amount is paid. All payments shall be made by certified check, cashiers' check, or money order, payable to McCarron & Diess, and delivered to McCarron &

Diess, 4530 Wisconsin Avenue, N.W., Suite 301, Washington, D.C. 20016 on or before the date payment is due and such payments will be disbursed to PACA Trust Creditors on a pro-rata basis.

3. If Debtor defaults in their obligations as set forth in paragraph 2 they shall have the right to cure such default by paying the amount due in certified funds or, electronically, by wire transfer in the amount due within two (2) business days after notice of such default is sent to Debtor's counsel via facsimile, electronic transmission, or overnight mail. Debtor's right to cure a default in making the payments as provided hereinabove shall be limited to three (3) such occurrences, and this provision is of the essence. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Debtor' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

4. If Debtor defaults in their obligations as set forth in paragraph 2, and does not cure such default, to the extent permitted to do so, as provided in paragraph 3, and upon the filing of a declaration as to such default by PACA Trust Creditors' attorney with the Court with a copy thereof to Debtor' counsel, it is agreed that this Court shall immediately enter the Order for Turnover in the form attached hereto as Exhibit A. The amount owed to PACA Trust Creditors by Debtor, in the event of a default, shall be for the amount as set forth in paragraph 1 above, less any payments made to PACA Trust Creditors, plus any additional attorneys' fees incurred by PACA Trust Creditors as a result of the default.

5. The Parties' agreement to the payments set forth in paragraph 2 is without prejudice to PACA Trust Creditors' standing as PACA trust creditors as set forth in paragraph 1, above.  The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order.  Nothing herein, nor the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by PACA Trust Creditors to Debtor, nor as a waiver of PACA Trust Creditors' rights under the PACA statutory trust as set forth in 7 U.S.C. §499e(c), and PACA Trust Creditors' rights under this Stipulation and Order are in addition to their rights under said trust.  Nothing herein shall prejudice PACA Trust Creditors rights to pursue any and all third parties for the amounts due PACA Trust Creditors under the PACA trust in the event of a default by Debtor of the obligations contained in paragraph, which is not cured in accordance with paragraph 3 herein.

6. This Stipulation and Order may be executed by the Parties or by the Parties' authorized counsel acting with active authority from their principal in Counterparts, and collectively all signed Counterparts represent one Agreement.

7. The Parties acknowledge having had the opportunity to discuss this Stipulation and Order with their respective attorneys, and that they have availed themselves of that opportunity to the extent they have desired to do so.

8. The Court shall retain jurisdiction over the parties during the pendency of the application of this Stipulation and Order.

9. This Stipulation, constituting the entire understanding of the parties, shall not be changed unless in a writing signed by counsel for all parties.

10. Faxed signatures shall be deemed originals for all purposes.

Dated this 29th day of January, 2010.

| LAW OFFICES OF<br>GABRIEL DEL VIRGINIA | LAW OFFICES OF BRUCE LEVINSON |
|---|---|
| By: /s/<br>Gabriel Del Virginia<br>488 Madison Avenue, 19th Floor<br>New York, New York 10022<br>(212) 371-5478 | By: /s/<br>Bruce Levinson (BL0749)<br>Gregory Brown (GB1977)<br>747 Third Avenue, 4th Floor<br>New York, New York 10017-2803<br>(212) 750-9898 |
| Attorneys for Debtor | Attorneys for PACA Trust Creditors |

## ORDER

HAVING REVIEWED AND CONSIDERED the foregoing Stipulation and Order, and it appearing to the satisfaction of the court that relief in accordance with the terms of the Stipulation and Order should be entered, it is hereby

**ORDERED** that the Stipulation is approved; and

**IT IS ORDERED** that **the form of Exhibit A submitted to the Court for entry must be accompanied by evidence of the amount of the debt outstanding, and nothing herein or in Exhibit A shall determine the priority of the claim in the event of a default or have any effect after this bankruptcy case is closed, provided that the terms hereof shall be included in any confirmed plan of reorganization.** ~~this case be administratively closed, but may be reopened to enforce the terms of the Stipulation and Order.~~

Dated: New York, New York
      February 9, 2010

                                                    _/s/ Allan L. Gropper_
                                          United States Bankruptcy Court Judge

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| MANGIA 57, INC. | : | Case No. 09-17112 (ALG) |
| | : | |
| Debtor | : | |

**ORDER GRANTING MOTION TO COMPEL
PAYMENT OF PACA TRUST ASSETS**

Pursuant to the terms of the Stipulation and Order dated January 29, 2010, this Court is to enter this Order Granting Motion to Compel Payment of PACA Trust Assets upon the filing of a declaration by counsel for G&S Produce & Trucking, Inc. and Frank Gargiulo & Son, Inc. (hereafter collectively referred to as "PACA Trust Creditors") that states that payment has not been made by debtor Mangia 57, Inc. as required by the Stipulation and Order previously entered in this matter and that Mangia 57, Inc. has failed to cure the default in payment. Upon consideration of the declaration filed by PACA Trust Creditors' attorney that Mangia 57, Inc. has failed to make payment in accord with the Stipulation and Order filed in this action, it is by the Court, this _____ day of _____, 20___,

**ORDERED, ~~ADJUDGED, AND DECREED~~**, that, PACA Trust Creditor G&S Produce & Trucking, Inc. is a valid trust beneficiary of Debtor Mangia 57, Inc. for a debt in the amount of $_____, including interest and attorneys' fees, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c); and it is further,

**ORDERED, ~~ADJUDGED, AND DECREED~~**, that, PACA Trust Creditor Frank Gargiulo & Son, Inc. is a valid trust beneficiary of Debtor Mangia 57, Inc. for a debt in the

amount of $_____, including interest and attorneys' fees, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c); and it is further,

**ORDERED,** ~~**ADJUDGED, AND DECREED**~~, that Debtor Mangia 57, Inc. shall pay G&S Produce & Trucking, Inc. the amount of $_____, including interest and, under the trust provisions of the PACA, 7 U.S.C. §499e(c) within seven (7) days; and it is further

**ORDERED,** ~~**ADJUDGED, AND DECREED**~~, that Debtor Mangia 57, Inc. shall pay Frank Gargiulo & Son, Inc., the amount of $_____, including interest and, under the trust provisions of the PACA, 7 U.S.C. §499e(c) within seven (7) days.

Dated: _____, 20\_\_\_

_____
Judge, U.S. Bankruptcy Court